1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK R. ODELL, et al., | CASE NO. 1:08-cv-00655 OWW DLB PC |
| Plaintiffs, | FINDINGS AND RECOMMENDATION THAT ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| BRIAN LAMB, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Patrick Odell ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 9, 2008 on his own behalf and on behalf of Noah Odell, a minor child.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6   grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

7   standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

8   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9   of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

10   (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11   **II.    Summary of Plaintiff's Complaint**

12   Plaintiff is currently housed at Inyo County Jail.  Plaintiff names as defendants Superior

13   Court Judge Brian Lamb, Superior Court Judge Dean Stout, Prosecutor Linda Anisman of the Inyo

14   County Sheriff's Department - Child Support Division, and Camilla Herrera, whom plaintiff

15   identifies as the custodial parent of Noah Odell.

16   Plaintiff alleges that on July 31, 2002, Judge Stout revoked plaintiff's constitutional

17   protections.  Plaintiff alleges that on March 17, 2003, Judge Lamb forced plaintiff to undergo forced

18   remedial medical treatment,[1] and revoked his rights as custodial parent to Noah Odell.  Plaintiff

19   alleges that Camilla Herrera improperly administered prescription drugs to Noah Odell.  Plaintiff

20   makes no specific allegations against defendant Anisman.

21   Plaintiff seeks the following relief: 1) a court order overturning the ruling of Judge Stout in

22   Case No. CVFL0-13262 dated July 31, 2002; 2) a restraining order barring defendant Camilla

23   Herrera from administering drugs to Noah Odell; and 3) that plaintiff be given partial custody of

24   Noah Odell.

25   ///

26

27   [1] A review of the documents filed with plaintiff's complaint indicates that on March 17, 2003, Judge Lamb
issued an order directing plaintiff to show cause why he did not appear on February 23, 2003 and give written proof
28   of enrollment or participation in a "Domestic Violence Program or in a comparable Program with a Licensed
Therapist".

A.      Plaintiff's Family Law Issues

A review of plaintiff's complaint reveals that his claim concerns family law and child custody issues.  Federal courts are to decline jurisdiction of cases concerning "domestic relations when the primary issue concerns the status of parent and child or husband and wife".  Peterson v. Babbitt, 708 F. 2d. 465, 466 (9th Cir.1983), In re Burrus, 136 U.S. 586, 593-94, 10 S.Ct. 850, 852-53, 34 L.Ed. 1500 (1890).  Child custody issues are generally considered a state law matter.  Peterson, citing Tree Top v. Smith, 577 F.2d 519, 521 (CA9 1978).

Based on the relief requested by plaintiff, it is clear that plaintiff's complaint concerns family law matters that are best left to the state and to the state courts.  Plaintiff's section 1983 action is not the appropriate vehicle for addressing his domestic relations matters or child custody issues.

B.      Plaintiff's Claims against defendant Herrera

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff disagrees with the prescriptions drugs administered by defendant Herrera to Noah Odell.  Plaintiff fails to demonstrate how defendant Herrera acted under color of state law.  Plaintiff fails to state a cognizable claim under section 1983 as against defendant Herrera.

C.      Plaintiff's Claims against Defendants Stout, Lamb and Anisman

Plaintiff names two state judges and a prosecutor as defendants in this action.  State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983.  See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983 ).

1    Further, plaintiff's complaint contains no allegations whatsoever against defendant Anisman.

2    Section 1983 plainly requires that there be an actual connection or link between the actions of the

3    defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department

4    of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person deprives

5    another of a constitutional right, where that person 'does an affirmative act, participates in another's

6    affirmative acts, or omits to perform an act which [that person] is legally required to do that causes

7    the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

8    (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection

9    can be established not only by some kind of direct, personal participation in the deprivation, but also

10   by setting in motion a series of acts by others which the actor knows or reasonably should know

11   would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

12   Plaintiff's complaint fails to state a cognizable claim against these defendants.

13   **III.    Conclusion**

14   The court finds that plaintiff's complaint does not contain any claims upon which relief may

15   be granted under 42 U.S.C. § 1983.  Granting leave to amend his complaint would be futile since

16   plaintiff cannot cure the deficiencies inherent to his claim.   Accordingly, it is HEREBY

17   RECOMMENDED that this action be dismissed for failure to state a claim.

18   These Findings and Recommendations will be submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

20   **days** after being served with these Findings and Recommendations, plaintiff may file written

21   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

22   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

23   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

24   1153 (9th Cir. 1991).

25   IT IS SO ORDERED.

26   **Dated:    May 29, 2008            /s/ Dennis L. Beck        **
                                        UNITED STATES MAGISTRATE JUDGE

27

28